**AKERMAN LLP**
ELLEN S. ROBBINS (Cal. Bar No. 298044)
ellen.robbins@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

*Counsel for Plaintiff Emcyte Corp.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EMCYTE CORP., a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> APEX BIOLOGIX, LLC, a Utah limited liability company; XLMEDICA, INC., a Florida corporation; and ANNA STAHL, an individual, <br><br> Defendants. | CASE NO. <br><br> Action Pending in the United States District Court for the Middle District of Florida, Fort Myers Division, No. 2:19-CV-00769-JES-NPM, Hon. John E. Steele <br><br> **NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF SUSIE LOPEZ** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2021 at \_\_\_ a.m./p.m., or as soon thereafter as this matter may be heard, Plaintiff Emcyte Corp., shall appear before the assigned Judge and Courtroom of the above-described Court, located at either 350 West 1st Street, Suite 4311, Los Angeles, CA 90012-4565, or 255 East Temple Street, Los Angeles, CA 90012-3332, and shall then and there present its Unopposed Motion to Compel Deposition of Susie Lopez.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities contained herein, the pleadings and papers on file in this action, and the argument of counsel presented at any hearing on the motion.

The parties have met and conferred regarding the motion in compliance with LR 37.1. Defendants do not oppose the motion.

Dated: November 2, 2021        Respectfully submitted,

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
　　Ellen S. Robbins
　　Counsel for Plaintiff Emcyte Corp.

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

2
**MOTION TO COMPEL DEPOSITION OF SUSIE LOPEZ**

60623257;1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Procedural and Factual Background

### A. Introduction

By this motion, Plaintiff Emcyte Corporation ("Plaintiff") seeks an order enforcing a subpoena *duces tecum* issued to Susie Lopez ("Lopez") commanding her to produce documents and give deposition testimony, or, alternatively, an order transferring consideration of this Motion to Compel Deposition of Suzie Lopez to the United States District Court for the Middle District of Florida (the "Issuing Court"). The underlying litigation is pending in the United States District Court for the Middle District of Florida, Fort Myers Division, Case No. 2:19-CV-00769-JES-NPM ("Florida Action"), between Emcyte Corporation and Apex Biologix, LLC ("Apex"),[1] XLMedica, Inc. ("XLMedica"), and Anna Stahl ("Stahl"). This motion is brought in this Court pursuant to Fed. R. Civ. P. 45, which requires that motions to compel compliance with a subpoena be brought in the court for the district where compliance is required. Although the underlying case is pending in the Middle District of Florida, Lopez resides and was commanded to appear for a remote deposition in the Central District of California. The parties have conferred pursuant to LR 37.1 multiple times regarding Lopez's deposition since the subpoena was issued on September 21, 2021. Defendants' counsel has indicated that they do not oppose this motion.

### B. The Florida Action

Plaintiff filed suit against Apex, XLMedica, and Stahl, asserting claims for trademark infringement, false designations of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and for trademark infringement under Florida Stat. 495.131. *See* Declaration of Alejandro Fernandez ("Fernandez Decl."), **Exhibit A,** Second Amended Complaint. Plaintiff alleges, *inter alia*, that Defendants offered for sale, and in fact sold, products offered under marks that infringed upon Plaintiff's

---

[1] Defendant Apex has since been voluntarily dismissed from the Florida Action.

1
**MOTION TO COMPEL DEPOSITION OF SUSIE LOPEZ**

protected trademarks, logos, and word marks. *Id.* There have been significant delays and discovery disputes in the Florida Action. *See, e.g.*, Fernandez Decl, **Exhibits B**, **C**, Motions to Compel. Deadlines are approaching and Lopez's deposition needs to be scheduled.

### C. The Subpoena *Duces Tecum* Issued to Ms. Lopez

Ms. Lopez is a crucial witness in the Florida Action because, according to Defendants, she was responsible, among other things, for the selection and use of the accused infringing marks. *See* Fernandez Decl, **Exhibit D**, Transcript Re: Nonappearance of Susie Lopez at 5:20-6:1. After multiple unsuccessful attempts by the parties to confer regarding Ms. Lopez's availability for her deposition, Plaintiff issued the attached Subpoena *Duces Tecum* to Ms. Lopez on September 21, 2021. *Id.* at 6:10-13; Fernandez Decl., **Exhibit E**, Subpoena *Duces Tecum* for Deposition of Susie Lopez. The subpoena ordered Ms. Lopez to (1) appear for remote deposition on October 7, 2021 at 11:00 a.m. Eastern Time, and (2) produce certain documents relevant to the parties' dispute. *Id.*

The general form and content of the subpoenas comply with Federal Rule 45(a). *See* Decl. of A. Fernandez at ¶ 9. On September 21, 2021, and pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiff served the subpoena on Defendants' counsel, who at the time also represented Lopez. **Exhibit D**, Transcript of Nonappearance at 6:10-13; **Exhibit E**, Subpoena *Duces Tecum* for Deposition of Susie Lopez. Counsel accepted service on behalf of Ms. Lopez. **Exhibit D**, Transcript of Nonappearance at 6:17-18. Ms. Lopez thus had ample time to comply with the subpoena. No party objected to the subpoena.

### D. Ms. Lopez's Nonappearance

Ms. Lopez did not appear for her scheduled deposition on October 7, 2021, and did not produce any responsive documents to Plaintiff. **Exhibit D**, Transcript Re: Nonappearance at 9:13-14, 9:25-10:3. Defendants' counsel has represented it is counsel's understanding that Ms. Lopez was "currently tending to her daughter who

recently had fairly significant surgery." *Id.* at 11:9-11. However, no alternate dates for Ms. Lopez's deposition have since been offered. *See* Fernandez Decl., at ¶ 14. Defendants' counsel further stated, however, that Defendants would not oppose this motion to compel Ms. Lopez's attendance at a deposition, contingent upon Plaintiff's agreement to work to accommodate Ms. Lopez's schedule and the needs of her daughter. **Exhibit D,** Transcript Re: Nonappearance at 11:18-12:1.

## II. <u>Legal Argument</u>

### A. The Court should compel Lopez to comply with the subpoena and hold her in contempt if she continues to ignore Plaintiff's subpoena.

Fed. R. Civ. P. 45 permits Plaintiff to serve a subpoena *duces tecum* on a non-party. *Cunningham v. Connecticut Mut. Life Ins.*, 845 F. Supp. 1403, 1410 (S.D. Cal. 1994) ("A subpoena duces tecum may be served on … a third person."). If the subpoenaed party raises an objection to the subpoena, the serving party may move for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). However, if the subpoenaed party completely ignores the subpoena, the court may hold them in contempt for failure to obey the subpoena without an adequate excuse. Fed. R. Civ. P. 45(g).

#### i. The properly-issued subpoena has the same force as a court order.

"Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *1 (C.D. Cal. Mar. 9, 2009); Fed. R. Civ. P. 45, Advisory Committee notes for 1991 Amendment ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Fed. R. Civ. P. 45 requires that a subpoena be issued from the court where the action is pending and that it be served by delivering a copy to the named person.

The subpoena here was properly issued and served on Lopez. The subpoena was issued from the Middle District of Florida, the court where the underlying action is pending, in accordance with Fed. R. Civ. P. 45(a)(2). **Exhibit E**, Subpoena *Duces Tecum* for Deposition of Susie Lopez. Lopez was served through her counsel on September 21, 2021, with a subpoena for documents and for her deposition in accordance with Fed. R. Civ. P. 45(b). *See* Fernandez Decl. at ¶ 10; **Exhibit D**, Transcript of Nonappearance at 6:10-13; **Exhibit E**, Subpoena *Duces Tecum* for Deposition of Susie Lopez.

Further, the subpoena complied with the 100 mile limit contained in Fed. R. Civ. P. 45 because it does not require Lopez, a resident of Santa Barbara, California, to travel more than 100 miles to comply—it requires her to appear for deposition "via remote deposition platform." *Id.* The subpoena's request for production of documents also does not require Lopez to travel to *any* particular location for production or inspection, much less one that is more than 100 miles from her residence. Fed. R. Civ. P. 45(d)(2)(A) ("A person commanded to produce documents, electronically stored information, or tangible things . . . need not appear in person at the place of production."); *see also Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13cv1395–GPC (BLM), 2014 WL 3573400, at *4 (S.D. Cal. Jul. 18, 2014) (citing *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009) (enforcing a subpoena despite argument that it was invalid because it required production of documents at a location more than 100 miles away).

The subpoena to Lopez was properly issued, properly served, and otherwise complied with all of the requirements of Fed. R. Civ. P. 45. Therefore, it should be given the same effect as a court order.

### ii. The Court should order Lopez to comply with the subpoena or face sanctions.

Sanctions for civil contempt can coerce compliance or compensate the party

seeking compliance "for injuries resulting from the contemptuous behavior, or both." *Bademyan*, 2009 WL 605789, at *3. Attorneys' fees and costs can be imposed against a party held in contempt. *Id.* at *4. "A civil contempt order must include a 'purge' condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due." *Moore v. Chase, Inc.*, No. 1:14-cv-01178-SKO, 2015 WL 5732805, at *3 (E.D. Cal. Sept. 29, 2015).

While plaintiffs are willing to work with Lopez to schedule a mutually convenient date and time for her deposition, and will work to accommodate whatever needs she has regarding her ill daughter, to date Lopez has ignored Plaintiff's subpoena entirely, nor has specific information been provided regarding any obligations Lopez has with respect to her daughter's care. *See* Fernandez Decl., at ¶ 14; **Exhibit D**, Transcript of Nonappearance at 8:21-13 ("[Defendants' counsel] specifically told [Plaintiff's counsel] at this point [Lopez] is, quote, 'in the wind,' end quote, and not responding to any of [Defendants' counsel's] telephone calls."); *cf. id.* at 11:7-8 ("Defendants' counsel and Lopez's former counsel stating, "She has not responded to any communication from our office since August…").

If Lopez still fails to comply after being ordered to do so, the Court should require her to pay Plaintiff's attorneys' fees and costs involved in obtaining her compliance. Plaintiff has incurred significant expenses in bringing this motion and in attempting to obtain Lopez's compliance with the properly issued and served subpoenas.

> **B. In the alternative, the Court should transfer consideration of this motion to the Middle District of Florida.**

When the court where compliance is required did not issue the subpoena, it may transfer a motion … to the issuing court if … the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). In determining whether exceptional circumstances exist, courts will consider "the complexity, procedural posture, duration

5

**MOTION TO COMPEL DEPOSITION OF SUSIE LOPEZ**

60623257;1

of pendency, and the nature of the issues pending before, or already resolved by, the Issuing Court in the underlying litigation." *E4 Strategic Sols. v. Pebble*, No. SA MC 15-00022-DOC (DFMx), 2015 U.S. Dist. LEXIS 191686, *7, 2015 WL 12746706 (C.D. Cal. Oct. 23, 2015) (finding exceptional circumstances and transferring to Issuing Court because the potential disruption of the Issuing Court's management of the case, judicial economy all weighed in favor of transfer).

In this case, the Issuing Court's familiarity with years of discovery issues between the parties weighs heavily in favor of transfer. Specifically, the Middle District of Florida has addressed at least *eight* discovery related motions and is extremely familiar with the background of the parties and Defendants' efforts to avoid discovery. Fernandez Decl., **Exhibit F**, Order of March 31, 2021, *Emcyte Corp. v. XLMedica, Inc.*, *et al.*, Case No. 2:19-cv-769-JES-NPM, ECF 107. As a result, the Issuing Court has a high degree of "familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *Id*. at *11. Further, the Middle District of Florida is addressing a pending motion to toll discovery deadlines in connection with certain specific counterclaims. Fernandez Decl., **Exhibit G**, Defendants' Motion to Toll Discovery Deadlines, *Emcyte Corp.*, Case No. 2:19-cv-769-JES-NPM, ECF 126. Whether the Middle District of Florida grants or denies the motion to toll is likely to impact the scope of questions posed to Ms. Lopez and the scope of documents sought by Plaintiff in connection with its subpoena *duces tecum*.

Accordingly, the Middle District of Florida is highly familiar with the full scope of issues involved, the implications the resolution of the motion will have on the underling litigation, and the pending motions in the Florida Action. As a result, this motion presents exceptional circumstances warranting transfer to the Issuing Court pursuant to Rule 45(f).

## III. CONCLUSION

Lopez's continued, complete disregard of Plaintiff's properly issued and served subpoena is unacceptable. For the foregoing reasons, Plaintiff respectfully requests the Court order Ms. Lopez to comply with Plaintiff's subpoena *duces tecum* by appearing for remote deposition at a mutually agreeable date and time, and to produce relevant documents in her possession. Further, Plaintiff respectfully requests that, should Lopez continue to ignore its subpoena, that the Court order Lopez to pay Plaintiff's attorneys' fees and costs associated with compelling her attendance at her deposition and her production of relevant documents in her possession. Alternatively, Plaintiff requests that the Court find exceptional circumstances and transfer this matter to the Middle District of Florida for consideration and ruling on this Motion.

Dated: November 2, 2021

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Ellen S. Robbins*
    Ellen S. Robbins
    Counsel for Plaintiff Emcyte Corp.


# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 W. Fifth Street, Suite 300, Los Angeles, CA 90071.

On **November 2, 2021,** I served the following document(s) described as:

**MOTION TO COMPEL DEPOSITION OF SUSIE LOPEZ**

on the persons below as follows:

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

| | |
|---|---|
| Susie Lopez<br>806 E. Canon Perdido St., Apt. 1<br>Santa Barbara, CA 93103<br>Telephone: 805-689-9608 | Witness |

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 627-6342. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☒ **BY ELECTRONIC SERVICE**: Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted. My electronic business address is annie.tualla@akerman.com.

| | |
|---|---|
| Michael J. Smikun, Esq.<br>Brian A. Williamson, Esq.<br>Jeffrey L. Greyber, Esq.<br>Callagy Law, P.C.<br>1900 N.W. Corporate Blvd., Ste. 310W<br>Boca Raton, FL 41103<br>Telephone: 561-405-7966<br>msmikun@callagylaw.com<br>bwilliamson@callagylaw.com<br>jgreyber@callagylaw.com | Counsel For Defendants<br>Anna Stahl and XLMedica, LLC |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
**MOTION TO COMPEL DEPOSITION OF SUSIE LOPEZ**
60623257;1

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **(CM/ECF Electronic Filing):** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☒ (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **November 2, 2021**, at Los Angeles, California.

_/s/ Annie C. Tualla_
Annie C. Tualla

2
**MOTION TO COMPEL DEPOSITION OF SUSIE LOPEZ**

60623257;1