UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-mc-1091-FMO (MARx) | Date: | **November 24, 2021** |
| Title | *Emcyte Corporation v. Apex Biologix, LLC, et al.* | | |

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE WHY MOTION TO COMPEL SHOULD NOT BE DISMISSED**

## I. INTRODUCTION

Plaintiff Emcyte Corporation ("Plaintiff") has filed a Motion to Compel Deposition of non-party witness Susie Lopez ("Motion to Compel"). ECF Docket No. ("Dkt.") 1. Plaintiff filed the underlying action in the Middle District of Florida against Defendants Apex Biologix, LLC, XLMedica, Inc., and Anna Stahl ("Defendants") asserting claims for trademark infringement, false designations of origin, and unfair competition. Id. at 3. Plaintiff contends Ms. Lopez is a crucial witness in this action because Defendants state she was responsible for the selection and use of the allegedly infringing marks. Id. at 4. Plaintiff seeks an order enforcing a subpoena duces tecum issued to Susie Lopez ("Lopez") commanding her to produce documents and give deposition testimony, or, alternatively, an order transferring consideration of this Motion to Compel to the United States District Court for the Middle District of Florida. Id. at 3.

After unsuccessful attempts to schedule Ms. Lopez's deposition, Plaintiff issued a subpoena duces tecum on Ms. Lopez ordering her to appear for a remote deposition on October 7, 2021 and to produce certain documents relevant to the parties' dispute. Id. at 4. Plaintiff served the subpoena on counsel for Defendants ("Mr. Williamson"), who represented Ms. Lopez at the time and accepted service on her behalf. Id. at 3–4. Ms. Lopez did not appear for her scheduled deposition. Id.

At the deposition, Mr. Williamson clarified that he had not been able to contact Ms. Lopez since he received the subpoena from Plaintiff. Dkt. 1-6 at 11–12. Mr. Williamson had learned through other avenues that Ms. Lopez was caring for her daughter, who was undergoing a medical issue, and that Ms. Lopez had resigned from her independent contractor agreement with XLMedica. Id. Mr. Williamson also stated that Defendants would not oppose a Motion to Compel, provided that the deposition would be scheduled in a way that would not conflict with Ms. Lopez' daughter's medical care. Id.

At some point, Mr. Williamson advised Plaintiff that they were no longer representing Ms. Lopez. Dkt. 6 at 4. Plaintiff's counsel unsuccessfully attempted to contact Ms. Lopez by phone

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No.   2:21-mc-1091-FMO (MARx) | | Date: **November 24, 2021** |
| Title   <u>Emcyte Corporation v. Apex Biologix, LLC, et al.</u> | | |

twice at the number provided by Defendants to schedule her deposition.  <u>Id.</u>  Plaintiff then filed the instant Motion to Compel.  <u>Id.</u>; Dkt. 1.

On November 5, this Court ordered Plaintiff to serve a copy of the Motion to Compel and the Court's Order on Ms. Lopez and file a proof of service by November 12, 2021, so that Ms. Lopez could either file an opposition or notice of non-opposition to the Motion to Compel.  Dkt. 5.

On November 17, 2021, Plaintiff filed a Motion for Substituted Service of Motion to Compel Compliance with Subpoena <u>Duces Tecum</u> to Susie Lopez ("Motion for Substituted Service").  Dkt. 6.  In the Motion for Substituted Service, Plaintiff explains that counsel attempted personal service on Ms. Lopez at her last known residential address, which Defendants had provided.  <u>Id.</u> at 5.  A man answered the door and stated that he does not know who Ms. Lopez is and that she didn't live there.  <u>Id.</u>  Plaintiff's investigator attempted to locate an alternative address for Ms. Lopez but found only the same address provided by Defendants.  <u>Id.</u>  Plaintiff contends that Ms. Lopez is evading service and therefore requests that this Court authorize service by FedEx, UPS, or Certified U.S. mail.  <u>Id.</u> at 10.

As explained below, Plaintiff has failed to present evidence demonstrating that Ms. Lopez was properly served with the underlying subpoena.  Even if Ms. Lopez had been served with the subpoena, Plaintiff has not demonstrated such diligence in attempting personal service as to justify alternative service.  Accordingly, Plaintiff's Motion for Substituted Service is **DENIED,** and Plaintiff is ordered to show cause why the Motion to Compel should not be denied for lack of jurisdiction.

II.
<u>DISCUSSION</u>

As an initial matter, Plaintiff's request that this Court authorize alternative service of the Motion to Compel on Ms. Lopez is unnecessary.  While service of the subpoena is governed by Fed. R. of Civ. P. 45, service of the Motion to Compel is governed by Fed. R. of Civ. P. 5, which already permits service by mail.[1]

However, as discussed below, Plaintiff has not shown that Ms. Lopez has been properly served with the subpoena underlying the Motion to Compel. Accordingly, the Court could construe the Motion for Substituted Service to request alternative service for the subpoena, as opposed to the

---

[1] Local Civil Rule 5-3.2.1, provides that "[i]ndividuals who have not appeared in the case in this Court or who are not registered for the CM/ECF System must be served in accordance with [Federal Rules of Civil Procedure Rule] 5[.]" C.D. Cal. Local Civil Rule 5-3.2.1.  Further, Federal Rule of Civil Procedure 5(b)(2) provides several methods to effect service, including by mailing the motion to the last known address of the opposing party, in which case "service is complete upon mailing.  <u>See</u> Fed. R. Civ. P. 5(b)(2)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-mc-1091-FMO (MARx)                                             Date:  **November 24, 2021**

Title     *Emcyte Corporation v. Apex Biologix, LLC, et al.*

Motion to Compel.  Even so, Plaintiff's request is **DENIED** because they have not shown the requisite diligence in attempting to personally serve Ms. Lopez with the subpoena.

**A.     PLAINTIFF HAS NOT SHOWN MS. LOPEZ HAS BEEN SERVED WITH THE SUBPOENA**

   **1.     Applicable law**

Rule 45 of the Federal Rules of Civil Procedure governs the issuing and service of subpoenas.  Fed. R. Civ. P. 45.  Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person."  Id.  Most courts understand Rule 45(b) to require personal service, though the Ninth Circuit has not ruled on the question.  See, In re Subpoena to VaughnPerling, No. 2:19-MC-00083-CAS (EX), 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019); see also Fujikura Ltd. v. Finisar Corp., No. 15-mc-80110-HRL-JSC, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collecting cases).  Furthermore, courts have typically held that service on an attorney is not sufficient to compel production of documents or presence at a deposition.  See Fujikura, 2015 WL 5782351, at *6.

Still, a growing minority of courts allow substitute service of a Rule 45 subpoena if the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash.  In re Subpoena to VaughnPerling, 2019 WL 8012372 at *3 (quoting Chambers v. Whirlpool Corp., No. 8:11-cv-01733-FMO-JCG, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016)).  These courts are more inclined to grant such alternative service where there is evidence of earlier diligence in attempting to effectuate personal service.  In re Subpoena to VaughnPerling, 2019 WL 8012372 at *3 (quoting Fujikura, 2015 WL 5782351, at *5).

   **2.     Analysis**

Plaintiff alleges that Ms. Lopez was properly served with the subpoena because Mr. Williamson accepted service on Ms. Lopez's behalf when he still represented Ms. Lopez.  Dkt. 1 at 6.  However, such service was not proper under Fed. R. of Civ. P. 45, because courts have typically held that service on an attorney is not sufficient to compel production of documents or presence at a deposition.  See Fujikura, 2015 WL 5782351, at *6.

Furthermore, even if the subpoena could have been properly served through Ms. Lopez's attorney or authorized representative, it is not clear that Mr. Williamson had authorization to accept service, as would be required.  See Cunningham v. Matrix Fin. Servs., LLC, No. 8:20-MC-00065-CJC (JDE), 2021 WL 1156851, at * 4 (C.D. Cal. Feb. 4, 2021).  Plaintiff provides no evidence showing that Mr. Williamson was authorized to accept service on behalf of Ms. Lopez.  Additionally, at Ms. Lopez's deposition, Mr. Williamson explained he had lost contact with Ms. Lopez and that she had not responded to any communication from their office for several months.  Dkt. 1-6 at 11–12.  This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-mc-1091-FMO (MARx)                                        Date:  **November 24, 2021**

Title      <u>Emcyte Corporation v. Apex Biologix, LLC, et al.</u>

lack of communication between Ms. Lopez and Mr. Williamson cuts against Plaintiff's bare contention that Ms. Lopez had authorized Mr. Williamson to accept service on her behalf.  Indeed, Mr. Williamson eventually ceased representing Ms. Lopez altogether.

Therefore, Plaintiff has not shown Ms. Lopez has been properly served with the subpoena.  Without proper service of the subpoena, there has been no lack of compliance with the subpoena, and Plaintiff's Motion to Compel would be denied.  See <u>Cunningham</u>, 2021 WL 1156851, at *5.

**B.   PLAINTIFF HAS NOT SHOWN THE REQUISITE DILIGENCE IN ATTEMPTING TO PERSONALLY SERVE MS. LOPEZ TO JUSTIFY ALTERNATIVE SERVICE**

   **1.   Applicable law**

As noted above, courts have typically held Fed. R. Civ. P. 45 to require personal service.  <u>See In re Subpoena to VaughnPerling</u>, 2019 WL 8012372, at *3.  Still, a growing minority of courts have allowed alternative service where the party has shown due diligence in attempting to effectuate personal service.  <u>Id.</u>

Courts typically allow alternative service after multiple attempts at personal service, or where it is clear the nonparty has actual notice and is evading service.  See <u>Chambers</u>, 2016 WL 9451361, at *2 (permitting alternative service where personal service was attempted at least three (3) times and that nonparty was aware of and had received the subpoena); <u>In re Subpoena to VaughnPerling</u>, 2019 WL 8012372, at *4 (finding alternative service effective where plaintiffs personally served someone they believed was the nonparty and where nonparty's communication with the parties and the court obviously demonstrated he had received the subpoena); <u>Toni Brattin & Co. v. Mosaic Int'l, LLC</u>, No. 15-MC-80090-MEJ, 2015 WL 1844056 (N.D. Cal. Apr. 9, 2015) (finding alternative service proper after party had attempted personal service at place of business twice and at residence four (4) times).

Furthermore, courts have declined to allow alternative service where alternative methods were used before attempting personal service.  See <u>Luxottica Grp. S.p.A. v. Liquidity Servs., Inc.</u>, No. CV 18-7821-FMO (RAO), 2019 WL 2620727 (C.D. Cal. May 24, 2019) (finding substituted service not appropriate where the defendant made no attempt to personally serve subpoenas before serving via FedEx delivery); <u>Fujikura</u>, 2015 WL 5782351, at *5 (finding alternative service not effective, even where the nonparty had notice of the subpoena, because case involved "one (1) improper method of service on the heels of an even more improper method of service).

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:21-mc-1091-FMO (MARx) | Date: **November 24, 2021** |
| Title | <u>Emcyte Corporation v. Apex Biologix, LLC, et al.</u> | |

///

**2. Analysis**

As noted above, here Plaintiff's original attempt at service through Mr. Williamson was improper. Furthermore, given that Ms. Lopez had not been in contact with Mr. Williamson for at least a month before the subpoena was issued and has not communicated with Mr. Williamson since, it is not clear that she has notice of the subpoena, or that she knew about the deposition she failed to appear at.

Since that attempt, Plaintiff has only attempted personal service once—and that attempt involved serving the Motion to Compel, rather than the subpoena itself. Even if Plaintiff had been attempting to personally serve Ms. Lopez with the subpoena, as opposed to the Motion to Compel, one (1) unsuccessful attempt at personal service is not enough to justify alternative service where it is not clear Ms. Lopez has notice of the subpoena. Under these circumstances, alternative service is not appropriate.

### IV.
### <u>CONCLUSION</u>

As noted above, Fed. R. of Civ. P. 5 does not require personal service of the Motion to Compel, and Plaintiff is therefore free to serve the Motion to Compel via mail as requested. However, in the absence of evidence verifying that Ms. Lopez was personally served with the subpoena, and that she has actual notice of both the subpoena and the Motion to Compel, the Court lacks jurisdiction to order compliance. Therefore, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **by December 14, 2021** why the Motion to Compel should not be denied for failure to properly serve the subpoena on Ms. Lopez.

Plaintiff may comply with this Order by filing either:

(1) a proof of service showing Ms. Lopez has been personally served with the subpoena; or
(2) a "Notice of Dismissal" dismissing the Motion to Compel without prejudice.

**IT IS SO ORDERED.**

| | : |
|---|---|
| **Initials of Preparer** | eb |